

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN
11

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. S. Bussey, Chief
Weights and Measures Division
Department of Agriculture
Austin, Texas

Dear Sir:

Opinion No. 0-5551
Re:  Does the term "net weight"
     as used in Section F, Ar-
     ticle 1037, V.P.C., mean
     "gross weight?"

After quoting Section F of Article 1937, the per-
tinent language of which we reproduce:

> "Whenever any commodity is sold on a
> basis of weight, it shall be unlawful to
> employ any other weight in such sale than the
> net weight of the commodity. . . ."

you ask:

> "(1)  Is it legal for any person to pack
> sanitary wiping rags, or other commodities in
> package form, prior to sale, and label same by
> 'gross weight'?
>
> "(2)  Is it legal for any person to offer,
> expose and advertise for sale this, or other
> commodities, by 'gross weight'?
>
> "(3)  Is it legal for any person to sell
> sanitary wiping rags, or other commodities, by
> 'gross weight' to a person for (a) resale to
> consumers; (b) for his own personal use?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

We need do no more than answer your questions with the plain language of the same Article. Section C (1) provides:

"It shall be unlawful to keep for the purpose of sale, offer or expose for sale, or sell, any commodity in package form unless (a) the net quantity of contents, in terms of weight . . . shall be plainly . . . marked on the outside of the package . . ."

And subdivision C (3) defines "package form" to include any:

" . . . commodity in package, carton, case can, box, bag, barrel, bottle, phial, or on a spool or similar holder, or in a container or band, or in a roll, ball, coil, skein, or other receptacle, or in coverings or wrappings of any kind . . . . The words . . . shall be construed to include both the wholesale and retail package . . ."

These are ordinary words, easily understood, and need no construction. They mean simply, in answer to your questions respectively, (1) that it is not unlawful to pack commodities in packages and label them by "gross weight" unless they are intended for sale which is a question of fact in each case for you to determine; (2) that, as the statute makes clear, it is illegal to label them by "gross weight" if they are advertised for sale; and (3) that, again in the words of the statute, it is illegal to sell by "gross weight" such packaged goods to others for (a) resale and (b) to others for their own use, which would be, as the statute prohibits, wholesale and retail sales respectively.

And finally, if you still entertain any doubt about what the Legislature had in mind, we call your attention to the following wording in Section C (1):

" . . . that reasonable rules and regulations for the efficient enforcement of this Act . . . shall be made by the Commissioner"

This provision makes it possible for the Commissioner, within the limits fixed by the law, to apply the act in a practicable and common-sense manner.

You request a form of complaint for section F of Article 1037. In view of the numerous exceptions contained in the statute and the varying fact situations that are bound to arise we cannot prepare a general form that will meet all contingencies. We suggest you advise us of a particular fact situation upon which you desire to proceed. We shall be glad to lend our assistance in preparing such a form.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s)

Elbert Hooper
Assistant

EH:fo/JCP

APPROVED SEP 17, 1943
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED:
Opinion Committee
By B. W. B., Chairman